ON REHEARING
HARDY, Judge.
On application of petitioners-appellees, we granted a rehearing in this matter, primarily for the purpose of re-examination of the record with respect to the correctness of our original decree recognizing an interest in the property involved in the heirs of Rebecca Wafer White. However, since the rehearing was not restricted to this specified point, we will take note in this opinion of all the specifications of error asserted by counsel for appellees.
The first contention is that this court erred in its conclusion that the plea of ten year good faith acquisitive prescription should be rejected on the ground that Stokes Seals’ possession of the property was in bad faith. The basis of this objection is that the trial court concluded that Stokes Seals was a possessor in good faith on the basis of the facts which were narrated in its opinion.
Our re-examination of this point has only served to more firmly convince us of the correctness of our conclusion. It must be pointed out that while, for reasons set forth in our original opinion, we accepted the comprehensive statement of facts in the opinion of the learned district judge, we did not necessarily accept his application of such facts to the legal principles involved. Our interpretation of the facts recited by the trial judge, for the reasons set forth and upon the basis of the authorities cited in our original opinion, leads to the inescapable conclusion that Stokes Seals was in legal bad faith in his possession of the property, and, accordingly, the plea of prescription was properly overruled.
The second assertion of error refers to our finding that Stokes Seals’ possession was not hostile to the interest of the appellants. It is asserted that this reverses “ * * * without a written record or any basis, a factual conclusion reached by the trial court * * We find no merit in this contention. In our original opinion we pointed out the fact that the possession of a co-heir is precarious and inures to the benefit of his co-owners unless such possession is clearly hostile to the rights of others. Our conclusion was that the facts recited by the trial court fail to disclose the hostile nature of the possession of Stokes Seals and, upon reconsideration of this point, we find no error in such conclusion.
Finally, it is contended on behalf of the applicants that we were in error in the finding that Rebecca Wafer White and Garver Amos accepted the Succession of Henry Seals “ * * * when the testimony and the limited evidence shows completely to the contrary.” We do not find any basis for the assertion that the testimony and the limited evidence are contrary to our conclusions. With respect to the interest of the heirs of Garver Amos, we are completely satisfied that the facts recited in the opinion of the trial judge are more than sufficient to justify our finding. However, we concede the objection made by applicants with respect to the interest of the heirs of Rebecca Wafer White presents a substantial issue. Upon careful review *636 of the opinion of the trial judge with reference to the evidence relating to the possession of Rebecca Wafer White, we note that the testimony of two of her children, Lenard Wafer and Fred Wafer, establishes the fact that Rebecca Wafer White was living on the property in 19S2, but the comments of the district judge on the testimony failed to disclose how long this factual circumstance had endured prior to 1952 and whether Rebecca Wafer White was living on the property in or before the year 1943, at which time the prescriptive period in question would have expired. Accordingly, we think we were in error in assuming that Rebecca Wafer White was living on the property prior to 1943. Since the recital of facts in the opinion of the district judge does not provide the answer to this question, we believe equitable considerations require that the case be remanded for retrial only with respect to the establishment of the facts in connection with the time Rebecca Wafer White first began to live on the property and the period during which this action continued.
Accordingly, that portion of our original decree with respect to the recognition of the heirs of Rebecca Wafer White, deceased, to an undivided one-fifth interest in the property involved is annulled and set aside, and
IT IS NOW ORDERED, ADJUDGED AND DECREED that this cause be and it is hereby remanded to the Honorable The Second Judicial District Court in and for the Parish of Claiborne, State of Louisiana, for the purpose of receiving evidence as to the possession of Rebecca Wafer White, following which judgment shall be pronounced upon the basis of said evidence.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, with the exception of the interest recognized as vested in the heirs of Rebecca Wafer White, the remainder of our decree and judgment on original hearing is reinstated and made final.